E. Howard Ringrose, J.
Applications pursuant to section 1514-a of the Civil Practice Act have been made for an allowance for legal services by Bond, Schoeneck & King; Herzog, Nichols & Leahy; and Hiscock, Cowie, Bruce, Lee & Mawhinney, who represented certain of the parties to this litigation.
The controversy involved the construction of the ‘ ‘ fifteenth ’ ’ paragraph of the last will and testament of Francis Hendricks, by which his residuary estate was bequeathed to *848 Syracuse University as an endowment, the income to be used for the benefit of the Medical College of the University.
It was announced on the argument that the fund has a principal balance of approximately $660,000 and that the accumulated income is in excess of $299,000.
Pursuant to an agreement dated June 1, 1950, Syracuse University agreed to and did transfer to State University, the Medical College of Syracuse University, and agreed to pay over to State University the income from certain endowment funds which consisted of gifts or bequests to the College of Medicine in name or in purpose, the use of only the income of which is permitted by the instruments creating them.
Article III.3 of the agreement required Syracuse University to take the appropriate proceeding to secure court authorization for the payment of the income from the endowment funds specified in article III.2 (b) and (c) to State University. This proceeding was commenced in accordance with the aforesaid provision of the contract.
A review of the facts is deemed unnecessary, as they appear in the decision of this court heretofore reported (1 Mise 2d 904, affd. 3 A D 2d 890, affd. 4 N Y 2d 744), and in the printed records on appeal.
The parties appearing and participating in the litigation were represented as follows: Syracuse University, the petitioner, by Bond, Schoeneck & King, William D. Johnson, Esq., of counsel; State University by John C. Crary, Jr., Esq., Ruth V. lies, Esq., of counsel; First Trust and Deposit Co., the executor of the will of Francis Hendricks, by Hiscock, Cowie, Bruce, Lee & Mawhinney, H. Duane Bruce, Esq., of counsel; the heirs of the testator by Herzog, Nichols & Leahy, D. Arthur Leahy, Esq., and Edith L. Fiseh, Esq., of counsel; and the People of the State of New York, by Jacob Javits, Attorney-General, A. W. Feinberg, Assistant Attorney-General.
Applying for allowance are Bond, Schoeneck & King, and Hiscock, Cowie, Bruce, Lee & Mawhinney, who seek a joint allowance of 5 or 6% of the gross amount, and Herzog, Nichols & Leahy, who request an allowance of $45,000.
Section 1514-a of the Civil Practice Act provides in part as follows: “ When an order or decree is made in any action or proceeding-which involves the construction of a will or an inter vivos trust instrument, or after appeal, the court, in its discretion, may allow to the fiduciary or to any other party to the action or proceeding, such sums as it deems reasonable for counsel fees and other expenses necessarily incurred with *849 respect to such construction in such action or proceeding or on any appeal.”
Since the aforesaid provision is comparable to the fourth paragraph of section 278 of the Surrogate’s Court Act, it should receive the same construction.
The plain reading of the section would seem to dispel any doubt as to the authority of the court to make such allowance to an unsuccessful litigant as the nature and importance of the subject matter and the good faith of the participant may warrant. (Matter of Ablett, 2 A D 2d 205, 212 and authorities cited.)
The heirs opposed the application of Syracuse University to pay to State University the income from the Hendricks endowment upon the ground that the purpose of the trust failed upon the transfer of the Medical College to State University, and the corpus reverted to the heirs of the testator.
State University, the Attorney-General, and First Trust and Deposit Company, as executor of the testator’s will, joined with Syracuse University in urging that a general charitable purpose was manifested by the language of the “ fifteenth ” paragraph of the testator’s will, and that the disposition of the income in accordance with the terms of the agreement above mentioned, was warranted under the doctrine of cy pres. This contention was upheld by the court.
As to whether the doctrine of cy pres may be applied to perpetuate a trust created by the language of a particular will usually presents an issue which only can be resolved in an action for the construction of the will or other instrument creating the trust, and generally resulted in extended litigation if the amount involved is sizable.
The briefs of the attorneys representing the heirs of the testator in this proceeding contained an exhaustive review and learned analysis of the case law, not only of this jurisdiction, but of others, and reflect extensive research and time consumed. The same is true in respect to the brief filed in support of the application of Syracuse University.
Several factors are generally considered in any allowance for legal services, including the result achieved, the importance to the parties of the subject matter of the litigation, the intricate legal questions involved, and the experience and ability of the attorney.
With the foregoing factors in mind and the failure of the heirs to sustain their contention, the sum of $14,250 is allowed for their legal services and disbursements.
*850 Syracuse University and First Trust & Deposit Co. of Syracuse, New York, are jointly awarded the sum of $34,000 for legal services and disbursements.
The above sums shall be paid from accumulated income.